Mr. Chief Justice Shareey
delivered the opinion of the court.
This bill was filed by the complainant to recover of the trustees of his wife’s property ; one half of the yearly profits of that property. Prior to the marriage, -the wife by deed in which the husband joined, conveyed to a trustee for her separate use, all her property of every description. The complain *494 ant’s right must depend alone on the construction which is to be given to the deed, which is the only question in the case. The late distinguished chancellor seems to have considered the case with his usual ability, and made a decree against the complainant, from which he has appealed.
The deed commences by reciting that a marriage was intended, and that it was the intention of the contracting parties “ to assign and secure to the separate use and disposal of the said Jane Hoggatt, all and every part and portion of her real and personal property, of what kind soever, and thereby not only to make a certain, liberal, and sure provision for her support and maintenance, but also to secure to her own separate use and disposal, all her real and personal property aforesaid ; and whereas her property, real and personal, does and will consist in such sums of money, and other personal property, and of such real property as she the said Jane Hoggatt, does now possess, and of such property as she may hereafter obtain by purchase, descent, demise, gift, or otherwise; and whereas it is agreed by, and between the said Benjamin Williams, and the said Jane Hoggatt, his intended wife, that all her said property that she now does possess, or may hereafter in due course of law become entitled to, shall be assigned to F. L. Claiborne, trustee as aforesaid, to hold upon such trusts as are hereafter named, mentioned, and provided respecting the same.” It is important that this recital in the premises of the deed should be noted, inasmuch, as its office is to explain the motives and reasons upon which the deed is founded. Cruise on Real Property, title, Deed, 317. And for that purpose the recital is useful. Sheppard’s Touchstone, 76. Taking this recital then as the key to the intention and motives of the parties, it is clear beyond doubt that Mrs. Hoggatt intended to secure to herself everything which she then possessed, or might afterwards acquire. The recital not only explains the intention, but it indicates with certainty the property to be secured by specifying particularly of what it consisted, and it embraced everything that she then had, or might acquire; not only that she might have a “liberal and sure support,” but to secure the *495 whole to her separate use. By the habendum, all her lands, goods, chattels, rights, credits, money and personal property of every description, were conveyed to the trustee, upon the trusts thereinafter declared, the first of which was that the trustee should hold the property to the use of the said Benjamin Williams and Jane Hoggatt, for and during their natural lives.
But the deed also contains further specific declarations of trust. The second provided that during the life of Jane Hog-gatt, she should at all times have the full and complete control of all the property conveyed, and that Williams should not in-termeddle therewith; and that it should not be liable to his control or disposal, or for his debts, but that it should be under the control of the said Jane, or the trustee under her direction.
The third provided that the trustee might sell if required in writing to do so. Then follows a covenant of Williams, that the property assigned, and the interest, income and proceeds thereof should be for the sole and separate use and benefit of the said Jane, and that it should not be liable to the control or disposition of Williams, or liable for his debts; and a further covenant that said Jane, by a demand in writing under seal, and attested, might receive from the trustee any part of the property, or the income, or proceeds, and to dispose of the same as she might think proper. The deed also contained further provisions, all indicating clearly, that Mrs. Hoggatt was to have the entire interest in the property and income, and lastly she reserved a power to dispose of it by will, which she did, and has died since the institution of this suit.
We concur fully with the counsel for complainant, that the marital rights of the husband cannot be defeated, unless an intention be clearly expressed that the property is to be held for the separate use of the wife. Nothing is to be implied against him. This is the rule laid down by the authorities, and is one which we have heretofore recognized. Another rule invoked for complainant is, that provisions in a deed repugnant to its main object, are void. The main object of a deed, is to be gathered from its provisions, and it will depend upon the deed *496 itself, which is its main object; when that- is ascertained it must prevail. The rule goes thus far ; a proviso or condition, repugnant to the grant, is void, provided the thing be specially granted. But if it be not specially granted, the proviso or condition does not defeat it. And a proviso which is only explanatory is good. Bacon’s Abridgment, title Deed.
It is under the first declaration of trust that complainant claims half the profits of the estate. By this it is said the property was conveyed to the trustee for the use and benefit of Williams and Mrs. Hoggatt for life, and that this is the controlling clause of the deed, which cannot be defeated by anything which follows it. If this be true, the complainant is as much entitled to the whole of the property and the proceeds for life, his wife having died, as he is to half the profits. This clause contains no conveyance of the profits, except in general terms.
This is not the granting part of the deed. It is but one amongst several declarations of trust, and cannot be entitled to more weight than the succeeding trusts. If it does not harmonize with the succeeding trusts, then we must look at the whole instrument, and conform to what was manifestly the intention of .the contracting parties. It is true, that this clause is not altogether reconcilable with the other parts of the deed, but all the' other parts harmonize together. This is repugnant to the rest. Which is to prevail ? Are we to take one declaration of trust, and make it control the premises and recital, the haben-dum, and every other declaration of trust, or is it to yield to the other parts'? According to the rule already laid down, we shall be compelled to reject this clause. It is not a special grant, and must therefore yield to the subsequent express clauses or conditions. The construction is to be made on the entire deed; every part ought, if possible, to take effect. And if certainty once appears in a deed, that must be referred to as explanatory of what is indefinite. Cruise, title Deed, 293, et seq. When there are words in a deed, that evidently appear repugnant to the other parts of it, and to the general intention of the parties, they will be rejected. Ib. 296. If language is capable of expressing anything beyond doubt, this deed certainly does show *497 that it was the intention of Mrs. Hoggatt, and of Williams, that she should hold the whole property and its proceeds to her separate use; that Williams was to have no interest whatever in it. His covenants show this beyond the possibility of a doubt, and if they are useful for no other purpose, they certainly may be consulted to prove his intention. But we may here ask, why he is not bound by them 1 We know of no reason. They were made in view of marriage, and that is a sufficient consideration. But we are asked to follow that rule of construction which prefers the first clause in a deed. If we take this, it excludes the complainant. The clause on which.he relies is in the middle. The intention is very fully and clearly expressed before and after the clause that is said to convey to him. Altogether, we think the intention and objects of the deed so clearly expressed as to leave nothing to implication. The marital rights of the husband are defeated by a clear intention expressed with certainty. We also think that the clause under which complainant claims, must yield, inasmuch as it is repugnant to all that precedes and follows it. It is at most but a, general declaration of trust, liable to be controlled by the more specific declarations.
The decree is affirmed.